United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GRAY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OCWEN MORTGAGE SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01864-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 20 |

In this putative class action, Richard and Kimberly Gray, husband and wife, have sued defendants Ocwen Loan Servicing, LLC, Ocwen Mortgage Servicing, Inc. and Ocwen Financial Corporation (together, "Ocwen"). The Grays assert claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Dkt. No. 18.

Ocwen has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 20. The motion is granted.

**BACKGROUND**

As alleged in the complaint, the Grays purchased in July 2005 real property located on Marcus Avenue in Richmond, California ("the Marcus Avenue Property") as community property. Dkt. No. 18 ¶ 20. The Grays used the proceeds of a loan from Residential Mortgage Capital to purchase the property. *Id*. A deed of trust was recorded in favor of Residential Mortgage Capital and secured by the Marcus Avenue Property. *Id*.

In August 2009, Richard Gray filed for bankruptcy. *Id*. ¶ 21. Both the Marcus Avenue Property and the deed of trust in favor of Residential Mortgage Capital were included in his

bankruptcy petition. *Id*. He obtained an order of discharge in November 2009. *Id*.

In June 2015, while in contract to purchase another piece of real property in Hercules, California, the Grays learned of an adverse credit report. *Id*. ¶ 22. Ocwen, the Grays say, had "submitted an inaccurate and adverse credit report as to Kim's credit concerning Kim's alleged failure to keep the loan secured by the Marcus Ave Property current." *Id*. Specifically, Ocwen Loan Servicing reported in June 2015 that Kimberly Gray had joint responsibility on an open loan with a balance of "$402,808 as of Jun 2015," with an amount of "$24,591 past due as of Jun 2015." *Id*., Ex. 8. The Grays allege that because of this report, they were denied a loan and their planned purchase of the Hercules property fell through. *Id*. ¶ 23.

All of the Grays' legal claims against the Ocwen defendants are premised on the allegation that Ocwen's credit reporting as to Kimberly Gray was misleading and/or inaccurate. *Id*. ¶¶ 27, 32, 35. The Grays allege this for two reasons: (1) "After November 24, 2009, when RICHARD obtained his discharge in bankruptcy, KIM's personal liability was discharged on the promissory note executed to acquire the Marcus Avenue Property which was secured by the Deed of Trust," *id*. ¶ 27, and (2) "no deficiency judgment could be obtained" on the Gray's purchase money loan and so "it was misleading and/or inaccurate for Ocwen to fail to report that the debt as to which they reported KIM as delinquent was not subject to a deficiency judgment." *Id*. ¶¶ 27, 32.

**DISCUSSION**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This calls for enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility analysis is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If a complaint is dismissed, the plaintiff should be given an opportunity to amend unless the Court

determines that no cure is possible by new allegations of fact. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## I. THE EFFECT OF RICHARD GRAY'S BANKRUPTCY DISCHARGE ON KIMBERLY GRAY'S LIABILITY

Plaintiffs' first theory is that Ocwen's credit reporting was inaccurate because "KIM was no longer personally liable on the OCWEN loan following RICHARD's [bankruptcy] discharge," and she was consequently "entitled to be treated in exactly the same way as RICHARD from a credit reporting perspective." Dkt. No. 23 at 6-7. But the premise of the theory is incorrect as a matter of law.

It is well settled that where only one spouse files for bankruptcy, "[a]fter the debtor [spouse]'s bankruptcy discharge, [the non-debtor spouse] continue[s] to remain separately liable for community debts," and her separate property is "subject to collection by a creditor holding a community claim." *In re Heilman*, 430 B.R. 213, 219 (B.A.P. 9th Cir 2010); *see also In re Schmiedel*, 236 B.R. 393, 398 (Bankr. E.D. Wis. 1999) ("Section 524(a)(3) protects after-acquired community property from recovery for community claims incurred by either spouse, but it is not a discharge of personal liability for the nonfiling spouse."); *In re Moore*, 318 B.R. 679, 680-82 (Bankr. W.D. Wis. 2004) ("Richard Moore filed a voluntary Chapter 7 petition on June 17, 2004. His wife, Connie Moore, did not join in the petition and is not a debtor in bankruptcy. . . . Mrs. Moore remains liable on, and her individual property remains liable for, the debt to the Bank.").

Richard Gray's bankruptcy discharge did not extinguish Kimberly Gray's personal liability for the joint loan that was secured by the Marcus Avenue Property. Ocwen simply reported on that live obligation, and its credit report was not misleading or inaccurate for reflecting it.

## II. THE FAILURE TO DISCLOSE THAT A DEFICIENCY JUDGMENT COULD NOT BE COLLECTED AGAINST KIMBERLY GRAY FOR HER DELINQUENCY

Plaintiffs say that Ocwen's credit report was misleading for an additional reason. They state that the Grays' loan was a purchase money loan and so under California Code of Civil Procedure § 580b, a deficiency judgment could not be obtained for a delinquency on the loan.

3

1   Dkt. No.23 at 7-10. Plaintiffs allege that it was therefore "misleading and/or inaccurate for Ocwen
2   to report the debt as delinquent without mentioning that no deficiency judgment could be
3   obtained." Dkt. No. 18 ¶ 32.

4   But this theory, too, fails as a matter of law. Section 580b(a)(3) states that, "[e]xcept as
provided in subdivision (c), no deficiency shall be owed or collected, and no deficiency judgment
shall lie, . . . [u]nder a deed of trust . . . on a dwelling . . . given to a lender to secure repayment of
a loan that was used to pay all or part of the purchase price of that dwelling, occupied entirely or
in part by the purchaser." Such a loan is called a "purchase money loan." Under subdivision (c),
however, "[t]he fact that no deficiency shall be owed or collected . . . does not affect the liability
that a guarantor, pledgor, or other surety might otherwise have with respect to the deficiency, or
that might otherwise be satisfied in whole or in part from other collateral pledged to secure the
obligation that is the subject of the deficiency." Plaintiffs appear to acknowledge that Kimberly
Gray's debt remained live, notwithstanding section 580b. *See* Dkt. No. 23 at 8 ("The substance of
Judge Henderson's opinion in *Herrera* was that 580b did not erase the underlying debt, but
affected the means a creditor could employ to collect the debt. . . . Judge Henderson
concluded . . . , 'That absence of personal liability is not equivalent to the absence of the debt.'").
Section 580b also does not say anything about credit reporting requirements for purchase money
loans or any delinquencies on such loans.

The purpose of a credit report is "to provide accurate credit information to potential
creditors." *Abdelfattah v. Carrington Mortgage Servs. LLC*, No. C-12-04656-RMW, 2013 WL
495358, at *2 (N.D. Cal. Feb. 7, 2013). Ocwen's credit report here reported on a debt that was
incurred and indisputably continued to exist, and plaintiffs have not plausibly alleged any
inaccuracy in Ocwen's credit reporting.

## CONCLUSION

Because none of plaintiffs' claims can succeed without an inaccurate credit report and
because they have failed to plausibly allege any inaccuracy, the Court grants defendants' motion
and dismisses plaintiffs' second amended complaint. The Court would be well within bounds to
deny any further amendment. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

4

Even so, plaintiffs may amend within 14 days if they choose to do so. Any amended complaint may not add new claims or defendants without express leave of Court, and failure to amend by the deadline will result in a dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 19, 2019

JAMES DONATO
United States District Judge