|   |   |
|---|---|
| RICHARD GRAY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OCWEN MORTGAGE SERVICING, INC., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-01864-JD<br><br>**ORDER RE MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

This is a putative class action brought by Richard and Kimberly Gray, husband and wife, against defendants Ocwen Mortgage Servicing, Inc., Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (together, "Ocwen") over Ocwen's credit reporting as to Kimberly. The Court previously granted Ocwen's motion to dismiss the Grays' second amended complaint with leave to amend, because "none of plaintiffs' claims can succeed without an inaccurate credit report and because they have failed to plausibly allege any inaccuracy." Dkt. No. 38. The Grays then filed a third amended complaint, which again asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Dkt. No. 41.

Ocwen has again moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. No. 42. The motion is granted, and the case is terminated.

## DISCUSSION

Plaintiffs' own exhibit comparing their third amended complaint ("TAC") to the second amended complaint ("SAC") shows that their allegations remain virtually unchanged. Dkt. No.

43, Ex. 1. And the Grays' opposition to Ocwen's motion to dismiss goes so far as to ask the Court to "reverse[] [its] prior order." *Id*. at 2.

Dismissal and closure of the case are warranted on several grounds. To start, the TAC and the opposition brief are in effect improper requests for reconsideration. The Grays have failed to point to (1) any material difference in fact or law, (2) the emergence of new material facts or a change of law, or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments, without at least one of which a reconsideration motion need not be considered. Civil L.R. 7-9(b). The Grays also violate the prohibition against repetition of argument, Civil L.R. 7-9(c), as their legal arguments remain substantively identical for the TAC as for the SAC. *Compare* Dkt. No. 43 *with* Dkt. No. 23.

In addition, the TAC fails on the independent ground that it does not state a plausible claim, for the same reasons the SAC did not. All of the Grays' legal claims against the Ocwen defendants are still premised on the allegation that Ocwen's credit reporting as to Kimberly Gray was misleading and/or inaccurate. The Grays continue to allege this was so for two reasons: (1) "After November 24, 2009, when RICHARD obtained his discharge in bankruptcy, KIM's personal liability was discharged on the promissory note executed to acquire the Marcus Avenue Property which was secured by the Deed of Trust," and (2) "no deficiency judgment could be collected" on the Gray's purchase money loan and so "it was inaccurate, misleading and incomplete for Ocwen to fail to report that the debt as to which they reported KIM as delinquent was not subject to a deficiency judgment." Dkt. No. 41 ¶¶ 27, 32.

The problem for the Grays, as the Court pointed out before, is two-fold. First, notwithstanding Richard Gray's bankruptcy discharge, it is well settled that where only one spouse files for bankruptcy, "[a]fter the debtor [spouse]'s bankruptcy discharge, [the non-debtor spouse] continue[s] to remain separately liable for community debts," and her separate property is "subject to collection by a creditor holding a community claim." *In re Heilman*, 430 B.R. 213, 219 (B.A.P. 9th Cir 2010); *see also In re Schmiedel*, 236 B.R. 393, 398 (Bankr. E.D. Wis. 1999) ("Section 524(a)(3) protects after-acquired community property from recovery for community claims incurred by either spouse, but it is not a discharge of personal liability for the nonfiling

2

spouse."); *In re Moore*, 318 B.R. 679, 680-82 (Bankr. W.D. Wis. 2004) ("Richard Moore filed a voluntary Chapter 7 petition on June 17, 2004. His wife, Connie Moore, did not join in the petition and is not a debtor in bankruptcy. . . . Mrs. Moore remains liable on, and her individual property remains liable for, the debt to the Bank."). Richard Gray's bankruptcy discharge did not extinguish Kimberly Gray's personal liability for the joint loan that was secured by the Marcus Avenue Property. Ocwen simply reported on that live obligation, and its credit report was not misleading or inaccurate for reflecting it.

Second, notwithstanding plaintiffs' assertion that theirs was a purchase money loan and so under California Code of Civil Procedure § 580b, a deficiency judgment could not be obtained for a delinquency on the loan, it remains the case that Section 580b does not extinguish the existence of the debt itself nor speak to any credit reporting requirements for purchase money loans or any delinquencies on such loans. As the Court previously held, Ocwen's credit report here reported on a debt that was incurred and indisputably continued to exist, and plaintiffs have not plausibly alleged any inaccuracy in Ocwen's credit reporting.

## CONCLUSION

Because plaintiffs' claims continue to hinge on the existence of an inaccurate credit report and because they have failed to plausibly allege any inaccuracy, the Court grants defendants' motion and dismisses plaintiffs' third amended complaint. In light of the fact that plaintiffs have now had the opportunity to file three different iterations of their complaint, the Court exercises its broad discretion to deny any further amendment. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). The third amended complaint is dismissed with prejudice, and judgment will be entered for defendants.

**IT IS SO ORDERED.**

Dated: March 30, 2020

JAMES DONATO
United States District Judge